UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA AND EUGENE BOHNENSTIEHL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-853 (CEJ) |
| ) | |
| WRIGHT MEDICAL GROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Wright Medical Technology, Inc., to dismiss plaintiffs' second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and to strike repetitive paragraphs. Defendant also seeks an order directing plaintiffs to show cause sanctions under Fed.R.Civ.P. 11 should not be imposed. Plaintiffs have filed a response in opposition and the issues are fully briefed.[1]

I.   **Background**

On May 14, 2008, plaintiff Linda Bohnenstiehl underwent surgical implantation of a Profemur® artificial hip that was manufactured, marketed and designed by defendant. The device failed on December 12, 2010, and plaintiff had it surgically removed a few days later. Linda Bohnenstiehl alleges that the Profemur® device was defective. She asserts the following claims for relief: common-law negligence (Counts I, IX, X); strict liability (Counts II, XI, XII); strict products liability – design defect (Counts III, XIII, XIV); strict products liability – inadequate warning (Counts IV, XV,

---

[1]The defendant's motion to dismiss and strike the first amended complaint is mooted by the filing of the second amended complaint.

XVI); strict products liability – failure to conform to representations (Counts V, XVII, XVIII); failure to adequately test (Counts VI, XIX, XX); breach of express warranty (Counts VII, XXI, XXII); and breach of warranty of merchantability (Counts VIII, XXIII, XXIV).[2] Plaintiff Eugene Bohnenstiehl asserts a claim of loss of consortium (Count XXV).

II. Discussion

A. Motion to Strike

Defendant complains that plaintiffs' complaint is overlong and repetitive. This is due primarily to plaintiffs' decision to assert each theory of liability three times---- once against each of the three defendants "individually and collectively," and one time each against Wright Medical Technology, Inc., and Wright Medical Group, Inc., acting alone. Despite its length, plaintiffs' complaint does not violate Rule 8, Fed.R.Civ.P. (pleader must make "a short and plain statement of the claim showing that the pleader is entitled to relief"). Defendant's motion to strike certain paragraphs as repetitive will be denied.

B. Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6)

---

[2]Plaintiffs also assert claims against Wright Medical Group, Inc., and its subsidiary, Wright Medical Europe S.A.

does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

### 1. Choice of Law

Defendant argues that Illinois law applies to plaintiffs' claims and that they have failed to state a claim for relief under applicable Illinois law. The defendant's argument raised the issue of whether the law of Missouri or Illinois should be applied to plaintiffs' claims. A district court sitting in diversity must apply the conflict of law rules for the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Inacom Corp. v. Sears, Roebuck & Co., 254 F.3d 683, 687 (8th Cir. 2001). Before applying the forum state's choice-of-law rules, however, the Court must first determine whether a conflict exists. Prudential Ins. Co. of Am. v. Kamrath, 475 F.3d 920, 924 (8th Cir. 2007). "[If] the laws of both states relevant to the set of facts are the same, or would produce the same decision in the lawsuit, there is no real conflict of laws and the case ought to be decided under the law that is common to both states." Colonial Presbyterian Church v. Heartland Presbytery, 375 S.W.3d 190, 199 (Mo. Ct. App. 2012).

Plaintiffs argue that no conflict exists with respect to Linda Bohnenstiel's tort claims because the laws of Illinois and Missouri yield the same result.[3] Defendant implicitly concedes this point by stating that the claims fail under the laws of both states. Plaintiffs acknowledge that the warranty claims are time-barred under the Illinois two-year statute of limitations, but they point out that Missouri applies a four-year statute of limitations to such claims. See Owen v. General Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008) (Missouri UCC prescribes four-year statute of limitations applicable to breach of warranty claims). However, for the reasons discussed below, the warranty claims are pre-empted by federal law. Thus, it is unnecessary to determine whether Missouri or Illinois law applies.

### 2. Counts I and IX: Common Law Negligence

Plaintiffs allege that defendant Wright Medical Technology, Inc., acting alone and collectively with the other defendants, was negligent in the design, testing, manufacturing, promotion, and selling of the Profemur® device. Defendant argues that plaintiffs' allegations of defects in the manufacturing process must be dismissed because they are insufficient to state a claim for manufacturing defect.

A plaintiff may assert a negligence claim together with a product liability claim. Peters v. General Motors Corp., 200 S.W.3d 1, 17 (Mo. Ct. App. 2006); see also Blevins v. Cushman Motors, 551 S.W.2d 602, 607–08 (Mo. 1977) (explaining that a negligence claim differs from a products liability claim in that the focus in a negligence

---

[3]If a true conflict existed with respect to plaintiffs' tort claims, the Court believes that Missouri is the state with the most significant relationship to the alleged wrongful conduct under § 145, as it is the state in which plaintiff was told about the Profemur® device, was issued any warnings, and had the device implanted and then removed. The fact that plaintiff may have been in Illinois when the fracture occurred has little significance because defendant's injury-causing conduct has no relationship to Illinois. Chapman v. DePuy Orthopedics, Inc., 760 F. Supp. 2d 1310, 1313 (M.D. Fla. 2011).

claim is the defendant's conduct, whereas the focus in a products liability claim is the product itself). In this case, it is not necessary to determine whether plaintiffs' allegations are sufficient to support a claim for product liability based on a manufacturing defect, because that is not one of the claims asserted. There is no legal basis for excluding plaintiffs' allegations of errors in the manufacturing process from the common law negligence claim. See Richcreek v. General Motors Corp., 908 S.W.2d 772, 777 (Mo. Ct. App. 1995) ("The courts have held a plaintiff may submit on both strict liability and negligence so long as there is no double recovery, saying there is no inconsistency between the two.") Defendant's motion will be denied with respect to plaintiffs' common-law negligence claims.

### 3. Counts IV and XV: Inadequate Warnings

Under Missouri law, the requirements for a strict liability failure-to-warn claim are: (1) the defendant sold the product in the course of its business; (2) the product was unreasonably dangerous at the time of the sale when used as reasonably anticipated without knowledge of its characteristics; (3) the defendant did not give an adequate warning of the danger; (4) the product was used in a manner reasonably anticipated; and (5) the user was damaged as a direct result of the product. DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach, 576 F.3d 820, 823 (8th Cir. 2009).

The "direct result" element requires a plaintiff to demonstrate that: (1) the product for which there was no warning caused the user's damages; and (2) a warning would have altered the behavior of those involved in the accident. Id. at 824. Defendant argues that plaintiff's warning claims must be dismissed because there is no allegation that a warning would have altered her behavior. However, "[i]f there is sufficient evidence from which a jury could find that the plaintiff did not already know

of the danger, there is a presumption that a warning will be heeded." Id. (quoting Tune v. Synergy Gas Corp., 883 S.W.2d 10, 14 (Mo. 1994) (*en banc*); see also Klugesherz v. American Honda Motor Co., Inc., 929 S.W.2d 811, 814 (Mo. Ct. App. 1996) (presumption is rebuttable). Defendant also argues that plaintiffs must allege what warnings were given, how they were deficient, and that the deficient warnings caused injury. Plaintiff's failure-to-warn claims satisfy the requirements of Fed.R.Civ.P. 8 and the motion to dismiss these claims will be denied.

### 4. Counts V and XVII: Failure to Conform to Representations

Plaintiffs allege that defendants made representations to consumers regarding the safety and durability of the Profemur® device, that these representations influenced Linda's medical choices and were material to her decision to use the device, and that the devices did not conform to defendants' representations. ¶¶125-27. Defendant contends, and plaintiffs do not dispute, that there is no such cause of action. Counts V and XVII will be dismissed. An identical claim asserted in Count XVIII against defendant Wright Medical Group, Inc., will also be dismissed

### 5. Counts VII, VIII, XXI, and XXIII: Warranty Claims

Plaintiffs bring claims for breach of express warranty and the implied warranty of merchantability. Defendant argues, first, that plaintiffs' express warranty claims fail to allege that defendants made representations directly to them and, second, that plaintiffs' implied warranty claims merge into the product liability claims.

Plaintiffs have not addressed either argument and this is a sufficient basis to dismiss the warranty claims. In addition, such claims are preempted by the Medical Device Amendments to the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 360k(a). Stefl v. Medtronic, Inc., 916 S.W.2d 879, 882-83 (Mo. Ct. App. 1996)

(implied warranty claims are preempted); In re Medtronic, Inc., Sprint Fidelis Leads Products Liab. Litig., 623 F.3d 1200, 1208 (8th Cir. 2010) (express warranty claim interferes with the FDA's regulation of Class III medical devices and is preempted). The warranty claims fail as a matter of law with respect to the other defendants as well and Counts VII, VIII, XXI, XXII, XXIII, and XXIV will be dismissed.

### C. Request For Sanctions

Defendant asserts in its reply memorandum that the Court should order plaintiffs and their counsel to show cause why they should not be sanctioned under Rule 11, Fed.R.Civ.P., for failing to voluntarily omit from their first amended complaint those claims that defendant challenged as without merit.

Rule 11(c) provides, in relevant part:

> **(2) Motion for Sanctions**. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). <u>The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets</u>. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
> **(3) On the Court's Initiative**. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

Rule 11(c), Fed.R.Civ.P. (emphasis added).

Defendant did not file a separate motion or comply with the safe-harbor requirements of Rule 11(c)(2). The Court declines to require plaintiffs to show cause on its own initiative under Rule 11(c)(3) because they were under no obligation to accept defendant's assessment of the validity of their claims.

Accordingly,

IT IS HEREBY ORDERED that the motion of defendant Wright Medical Technology, Inc., to dismiss the second amended complaint for failure to state a claim [Doc. # 34] is **granted**.

IT IS FURTHER ORDERED that the defendant's motion to strike and for an order to show cause [Doc. #34] is **denied**.

IT IS FURTHER ORDERED that the defendant's motion to strike and dismiss the first amended complaint [Doc. # 23] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2014.